IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GREGORY GILLILAN, | : | |
| Plaintiff | : | |
| VS. | : | |
| Deputy Warden STACY WEBB and Prison Guards DUNLAP, MOBLEY, WILLIAMS, and KYLES, | : | NO. 1:07-CV-29 (WLS) |
| Defendants | : | **ORDER TO SHOW CAUSE** |

Plaintiff **GREGORY GILLILAN**, an inmate at Autry State Prison ("Autry") in Pelham, Georgia, has filed a *pro se* civil rights action under 42 U.S.C. § 1983.

## I. BACKGROUND

Plaintiff complains that on January 28, 2007, officials at Autry filed a false disciplinary report against plaintiff, resulting in his placement in J-1 isolation. Plaintiff alleges that while he was in isolation, he was denied mental health services for his severe depression, and, as a result, he tried to commit suicide several times. Even after he cut his wrists, plaintiff alleges that he was merely "cleaned up" and placed back in lock down. Plaintiff additionally alleges he was denied medication to treat his rash (which apparently spread), clothing, water, toilet tissue paper, mattress, and blanket. In order to stay warm, plaintiff alleges that he had to sleep on the floor, near a hot boiler pipe. According to plaintiff, the mistreatment was intentionally inflicted to cause him pain and suffering.

## II. DISCUSSION

It appears that plaintiff has not exhausted his administrative remedies under the prison grievance system <u>prior to</u> submitting his lawsuit in this Court, as he is required to do under 42

U.S.C. § 1997e(a). Section 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." ***See Booth v. Churner***, 532 U.S. 731, 741 n.6 (2001) (exhaustion is required whether the plaintiff seeks monetary damages, declaratory and injunctive relief, or both).

The Eleventh Circuit Court of Appeals has explained that "an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." ***Brown v. Sikes***, 212 F.3d 1205, 1207 (11th Cir. 2000). Before filing a section 1983 complaint in Court, a prisoner must have filed an administrative grievance and received a ruling on the grievance. ***Id.*** at 1207. Prisoners must not simply initiate grievances, they must also appeal any denial of relief through all levels of administrative review that comprise the administrative grievance process. ***See Booth***, 532 U.S. at 740; ***Moore v. Smith***, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under section 1997e). The exhaustion requirement is mandatory and cannot be waived even when the grievance process is futile or inadequate. ***Jones v. Bock***, 127 S. Ct. 910 (Jan. 22, 2007); ***Alexander v Hawk***, 158 F.3d 1321, 1325-26 (11th Cir. 1998); *see also* ***Higginbottom v. Carter***, 223 F.3d 1259 (11th Cir. 2000).

The court-provided section 1983 complaint form has a section that asks whether the plaintiff pursued a prisoner grievance procedure. Plaintiff responded that "prison guards tell me they don't have forms in this building." Plaintiff's complaint is undated and was received by this Court on February 5, 2007.

In light of the enormous volume of complaints received by the Court from prisoners at Autry, the Court is well aware that officials at Autry have provided many inmates with grievance forms.

Moreover, the events underlying plaintiff's complaint occurred eight days before plaintiff filed his complaint in this case. Plaintiff thus does not appear to have alleged exhaustion of all administrative remedies prior to initiating this lawsuit.

Because plaintiff is proceeding *pro se*, the Court directs him to **SHOW CAUSE** to the Court, if he has any, why his lawsuit should not be dismissed for failing to exhaust administrative remedies as required by law. Specifically, plaintiff is instructed to provide additional specific allegations to support his claim that prison officials denied plaintiff grievance forms (*e.g.*, how many times he requested forms, from whom he requested forms, and the specific responses).

After considering the exhaustion provisions summarized in this order, plaintiff may wish to withdraw his complaint and thereby avoid having funds taken from his prison account, as required by 28 U.S.C. § 1915(b). If so, he may file a motion to voluntarily dismiss this action pursuant to Fed.R.Civ.P. 41(a) and refile his lawsuit, once he is able to show that he has exhausted his administrative remedies through the grievance procedure. Otherwise, plaintiff is given **TWENTY (20) DAYS** from his receipt of this order to respond to this Order to Show Cause.

If plaintiff fails to respond to this Order to Show Cause and to allege that he exhausted his administrative remedies <u>before</u> he filed this complaint (and not simply before his response to this Order), this lawsuit will be subject to immediate dismissal. There shall be **no service of process** until further order of the Court.

**SO ORDERED**, this 1st day of March, 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE